UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILBERT SCARVER,

              Plaintiff,

vs.                                      Case No.   2:12-cv-416-FtM-99DNF

J. LAMOUR, P.A. BAKER, T. BUDZ and
C. NEADS,

              Defendants.
_____/

## OPINION AND ORDER

This matter comes before the Court upon review of the motion to dismiss (Doc. #18, Motion) filed on behalf of Defendants Lamour, Baker, Budz, and Neads.  Plaintiff filed a response in opposition (Doc. #23, Response).[1]  This matter is ripe for review.

### I.  Facts

Plaintiff Wilbert Scarver, a resident who is civilly confined at the Florida Civil Commitment Center ("FCCC"), initiated this action by filing a *pro se* Civil Rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1, Complaint) and attached exhibits (Doc. #1-1, Exhs.) consisting of resident requests and grievances. Liberally construing the Complaint, Plaintiff attempts to state a claim of deliberate indifference to his serious medical condition. See generally Complaint.  Plaintiff names as Defendants the following individuals who work at the FCCC: Doctor J. Lamour,

_____

[1]The Court does not address claims raised for the first time in a Response.

Physician Assistant Baker, the Facility Administrator T. Budz, and Nurse C. Neads.

According to the Complaint, on February 4, 2012, Plaintiff filed a resident sick call request stating that he had a "knot" located below his waist on the left side that was "swollen," "sore," and "hurt."[2]  Exh. at 1.  Upon receipt of the sick call request form, Plaintiff was scheduled the next day for a medical appointment at the FCCC with Defendant Baker.  Id.  On or about February 5, 2012, Physician Assistant Baker performed a minor in office procedure on Plaintiff's thigh without any numbing agent. Id. at 8, 10; Exh. at 3-4.  Plaintiff was told that a numbing agent could not be used due to an "infection" in the area.  Id.  On February 7, 2012, Plaintiff had another appointment to see Defendant Baker.  Id. at 9.  Thereafter, Plaintiff filed a resident grievance stating that "minor surgery that causes this type [of] pain should be done at the patients [sic] choice either here [at the FCCC] or at the hospital."  Exh. at 2.  Plaintiff also complained that nothing was administered to numb his thigh before

---

[2]The Complaint includes a random allegation regarding an unspecified "eye condition" that Defendant Baker allegedly "exacerbated" on an unspecified date.  Complaint at 9.  Plaintiff complains that he still suffers from "running eye."  Id.  There are no other facts concerning Plaintiff's eye condition.  This sole conclusory allegation does not state a claim and will not be addressed herein.  If Plaintiff wishes to pursue a medical deliberate indifference claim stemming from the treatment for his eye condition, Plaintiff should file a separate civil rights complaint pursuant to Fed. R. Civ. P. 8.

the procedure. Complaint at 10; Exh. at 3. As relief, Plaintiff
seeks compensatory damages in the amount of $400,000, punitive
damages in the amount of $977,000, and any other relief deemed
appropriate by this Court. Complaint at 15-16.

## II. Standard of Review

In deciding a Rule 12(b)(6) motion to dismiss, the Court
limits its consideration to well-pleaded factual allegations,
documents central to or referenced in the complaint, and matters
judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d
840, 845 (11th Cir. 2004). The Court must accept all factual
allegations in Plaintiff's Complaint as true and take them in the
light most favorable to the plaintiff. Pielage v. McConnell, 516
F.3d 1282, 1284 (11th Cir. 2008). Conclusory allegations, however,
are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556
U.S. 662, 129 S. Ct. 1937, 1951 (2009)(discussing a 12(b)(6)
dismissal); Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16
(11th Cir. 2001).

The Court employs the Twombly-Iqbal plausibility standard when
reviewing a complaint subject to a motion to dismiss. Randall v.
Scott, 610 F.3d 701, 708, fn. 2 (11th Cir. 2010). A claim is
plausible where the plaintiff alleges facts that "allow[] the court
to draw the reasonable inference that the defendant is liable for
the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.
Ct. 1937, 1949 (2009). The plausibility standard requires that a

-3-

plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 556 (2007); <u>Marsh</u>, 268 F.3d at 1036 n.16. Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Id.</u> at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. <u>Ashcroft</u>, 129 S. Ct. at 1949. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." <u>Id.</u> The "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>See</u> <u>Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955, 1965, 1968-69 (citations omitted) (abrogating <u>Conley</u>, 355 U.S. 41 in part). Additionally, there is no longer a heightened pleading requirement. <u>Randall</u>, 610 F.3d at 701. Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. <u>Hughes v. Lott</u>, 350 F.3d 1157, 1160 (11th Cir. 2003) (citing <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998)).

### III.   Applicable Law & Findings

A.   Section 1983

Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Marsh v. Butler County, Ala., 268 F.3d 1014, 1059 (11th Cir. 2001); Swint v. City of Wadley, Ala., 51 F.3d 988, 999 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

## B. Supervisory Liability

A defendant who occupies a supervisory position may not be held liable under a theory of *respondeat superior* in a § 1983 action. Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690-692 (1978); Quinn v. Monroe County, 330 F.3d 1320, 1325 (11th Cir. 2003); Farrow v. West, 320 F.3d 1235 (11th Cir. 2003). To imput a supervisor with knowledge, the knowledge "must be so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their constitutional rights." Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1542 (11th Cir.

-5-

1994).  In other words, "to establish that a defendant committed a constitutional violation in his supervisory capacity, a plaintiff must show that the defendant instituted a 'custom or policy [that] result[s] in deliberate indifference to constitutional rights or . . . directed [his] subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Goebert v. Lee County, 510 F.3d 1312, 1331 (11th Cir. 2007).

### C. Deliberate Indifference to Medical Condition Claims

The Court recognizes that the FCCC is not a prison and Plaintiff is not a prisoner. Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002).  Instead, an individual who has been involuntarily civilly committed has "liberty interests under the due process clause of the Fourteenth Amendment to safety, freedom from bodily restraint, and minimally adequate or reasonable training" as required to ensure safety and freedom from restraint. Dolihite v. Maughon, 74 F.3d 1027, 1041 (11th Cir. 1996)(citing Youngberg v. Romeo, 457 U.S. 307, 322 (1982)). See also Lavender v. Kearney, 206 F. App'x 860, 862 (11th Cir 2006).  Indeed, the Court recognizes that residents at the FCCC are afforded a higher standard of care than those who are criminally committed. See id. (wherein the Eleventh Circuit Court of Appeals held that "persons subjected to involuntary civil commitment are entitled to more

considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish.").

Nonetheless, "the Eighth Amendment's deliberate indifference jurisprudence is applicable to the Fourteenth Amendment due process rights of pre-trial detainees." Id. at 863 n.2 (citing Purcell v. Toombs County, Ga., 400 F.3d 1213, 1219 (11th Cir. 2005)(other citations omitted)). Consequently, the Court examines cases addressing medical deliberate indifference claims under the Eighth Amendment for guidance in evaluating Plaintiff's claims.

A pre-trial detainee alleging a constitutional deliberate indifference claim "must sufficiently allege 'both an objectively serious medical need and that a Defendant acted with deliberate indifference to that need.'" Harper v. Lawrence County, Ala., 592 F.3d. 1227, 1233 (11th Cir. 2010)(quoting Burnette v. Taylor, 533 F.3d 1325, 1330 (11th Cir. 2008)(footnote omitted)).

"[A] serious medical need is considered 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (citing Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)). In either situation, "the medical need must be 'one that, if left unattended, pos[es] a substantial risk of serious harm." Id. (citing Taylor, 221 F.3d at 1258)(alteration in original). Not all pain constitutes a serious

medical need, but the failure to treat pain can constitute a serious medical need. Danley v. Allen, 540 F.3d 1298, 1311 (11th Cir. 2008).

To establish "deliberate indifference" the plaintiff must establish that Defendants "(1) had sufficient knowledge of a risk of serious harm; (2) disregarded that risk; and, (3) acted with more than gross negligence." Harper, 592 F.3d at 1233 (citations omitted). Further, the plaintiff must show that it was the "Defendant's conduct" that "caused [Plaintiff's] injuries." Id. To establish "sufficient knowledge," a Defendant "'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [ ] must also draw the inference.'" Id. (quoting Bozeman v. Orum, 422 F.3d 1265, 1272 (11th Cir. 2005)). "[I]mputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference. Each individual Defendant must be judged separately and on the basis of what that person knows." Burnette, 533 F.3d at 1331. Further, a plaintiff must allege that the Defendant disregarded the risk of serious harm to the plaintiff with conduct that rises beyond negligence. Marsh v. Butler County, Ala., 268 F.3d 1014, 1027 (11th Cir. 2001).

**Defendant Baker**

Defendant Baker argues that Plaintiff has not plead sufficient facts to support a claim of deliberate indifference to a serious

medical need.   Motion at 6.   Baker argues that Plaintiff's only complaint is that he was not provided with anaesthesia during the in-office procedure used to treat his medical condition.   Id. Baker points out that Plaintiff acknowledges, however, that no anaesthesia could be used in his case due to the surrounding infection that was being treated.   Id.   Thus, Baker asserts that Plaintiff's complaints stem from a difference of medical opinion and therefore fail to state claim.   Id.

The Court notes that the Complaint does not specify Plaintiff's medical condition, other than referring to the condition as a "painful" "knot" in his thigh.   Consequently, the Court finds that Plaintiff has not alleged that the knot on his thigh constituted an objectively serious medical need.   In other words, the Complaint contains no allegations of fact from which the Court can infer that the failure to treat the knot on Plaintiff's thigh posed a substantial risk of serious harm to Plaintiff.

Assuming *arguendo* that the condition that Plaintiff describes as a "knot" constituted a serious medical need, the Complaint has not established that Defendant Baker acted with deliberate indifference to Plaintiff's medical condition.   The day after Plaintiff submitted a sick call request, Plaintiff was promptly scheduled for an appointment with Baker.   There was no delay in scheduling Plaintiff for a medical appointment.   During that first office visit, Baker performed some sort of minor, in-office

procedure on Plaintiff's thigh to address the medical condition. Plaintiff's complaints that the procedure should have been done after numbing the area, or that he should have had the choice to go to a hospital for the procedure instead, fail to state a constitutional violation. In particular, the Complaint and exhibits attached thereto show that Baker could not utilize a numbing agent on Plaintiff's thigh due to an infection in the area. Plaintiff apparently disagrees with this diagnosis and believes the area should have been numbed, but a difference of medical opinion between a doctor and an FCCC resident does not establish deliberate indifference. Ganstine v. Sec'y, Fla. Dep't of Corr., 2012 WL 6699124 *3 (11th Cir. 2012)(slip copy)(citations omitted)). Additionally, Plaintiff complained in his resident grievance that he should have had a choice to have the procedure done at a hospital, instead of at the FCCC. A plaintiff does not establish deliberate indifference merely because, although he received medical attention, he desired different modes of treatment than what he received. Bell v. Sec'y of Fla. Dep't of Corr., 491 F. App'x 57, 59 (11th Cir. 2012)(citations omitted). There are no allegations that Plaintiff still suffers from a "knot" on his thigh, so the treatment rendered was apparently successful. Accordingly, the Court agrees that the Complaint fails to state a claim as to Defendant Baker and will grant the Motion.

**Defendant Lamour**

Defendant Lamour argues that Plaintiff seeks to impose supervisory liability on him without alleging he personally participated in the medical treatment, or alleging a casual connection between Lamour's actions and the alleged constitutional deprivation.  Motion at 3.

According to the Complaint, Plaintiff alleges that as the doctor at the FCCC, Lamour had "final decision making authority" over medical services and medical care.  Complaint at 7.  The Complaint also alleges that upon Defendant Budz' receipt of his resident grievance concerning the procedure <u>after</u> it was completed, Lamour was responsible for reviewing Baker's course of treatment. <u>Id.</u> at 10-11; <u>see also</u> Exh. at 3.  Indeed, Defendant Lamour was not present, nor was he involved in the procedure Plaintiff underwent in the office on February 5.  Thus, Lamour did not personally participate in the alleged unconstitutional treatment.

To the extent Plaintiff seeks to impose liability on Lamour as the supervisory doctor, the Complaint does not allege a causal connection between the allegedly unconstitutional medical care and Lamour's supervisory actions, such as, the failure to act in the face of notice of widespread abuse, an institutional custom or policy, that he directed Baker to act unlawfully, or that he failed to stop Baker from doing so.  To the contrary, the Complaint shows that Lamour became involved <u>after</u> the procedure took place when he

was directed by Budz to review Baker's course of treatment. Accordingly, the Court finds the Complaint fails to state a claim as to Lamour and will grant the Motion.

**Defendant Nead**

Defendant Nead argues that the only allegation regarding his involvement in the incident was that he scheduled a medical appointment for Plaintiff. Defendant argues that this allegation does not rise to the level of a constitutional deprivation. Motion at 3.

A review of the Complaint confirms that the sole allegation regarding Defendant Nead's involvement in the incident was that Nead scheduled Plaintiff for the appointment with Baker. Complaint at 9. Defendant Nead apparently received Plaintiff's sick call request form on February 4, 2012, Exh. at 1, and scheduled Plaintiff for a medical appointment on February 5, 2012. Id. The Court finds that this allegation fails to state a constitutional claim as to Nead and will grant the Motion.

**Defendant Budz**

Defendant Budz points out that the only allegations in the Complaint regarding his involvement in the incident is that he failed to investigate the incident and that he entered into a conspiracy with the other Defendants to punish Plaintiff out of anger and spite because he was a black sex offender. Motion at 9.

Budz argues that these allegations are vague, conclusory, and not supported by any factual allegations. Id. at 4.

The Court finds that the Complaint fails to state a claim. The Complaint does not contain any allegations that Budz was personally involved in providing Plaintiff with medical care. Instead, Plaintiff attempts to attribute liability on Budz as the Facility Administrator at the FCCC. The Complaint, however, fails to establish a causal connection between Budz and the incident because there are no factual allegations that Budz failed to act in the face of notice of widespread abuse; that he instituted a custom or policy; that he directed Baker to act unlawfully; or, that he failed to stop Baker from doing so. To the extent that Plaintiff faults Budz for not investigating the complaints submitted on the grievance, the resident grievance forms shows that Budz directed Lamour to review the procedure utilized by Baker and to determine if it was proper medical protocol. To the extent Plaintiff claims Defendant Budz entered a conspiracy with the other Defendants to "cover up" the incident, the Complaint contains no factual averments of how the incident was "covered up." The resident grievances Plaintiff attached to his Complaint reveal that FCCC staff responded to Plaintiff's grievances regarding the incident. Moreover, to sustain a conspiracy claim under § 1983, "'the plaintiff must prove that the defendants reached an understanding to deny the plaintiff's right.'" Myers v. Bowman, ____ F.3d ____,

-13-

2013 WL 1442055 (11th Cir. 2013)(citations omitted).  The Complaint contains no facts supporting Plaintiff's conspiracy claim. Accordingly, the Court finds the Complaint fails to state a claim against Defendant Budz and will grant the motion.

Any other claims that the Court does not address herein are deemed without merit.

    ACCORDINGLY, it is hereby

    **ORDERED**:

    1.  The motion to dismiss (Doc. #18) filed on behalf of Defendants Lamour, Baker, Budz, and Neads is **GRANTED**.  The case is dismissed without prejudice.

    2.  The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

    **DONE AND ORDERED** at Orlando, Florida, on this ____ day of April, 2013.

                                    _____
                                    G. KENDALL SHARP
                              SENIOR UNITED STATES DISTRICT JUDGE

SA: alj
Copies: All Parties of Record

-14-